UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States Securities
and Exchange Commission,

    Plaintiff,

v.

Trevor Cook, d/b/a Crown
Forex, LLC and Patrick J. Kiley,
d/b/a Crown Forex, LLC et al.,

    Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 09-3333 (MJD/JJK)

_____

U.S. Commodity Futures
Trading Commission,

    Plaintiff,

v.

Trevor Cook, d/b/a Crown
Forex, LLC and Patrick J. Kiley,
d/b/a Crown Forex, LLC et al.,

    Defendants.

Civil No. 09-3332 (MJD/JJK)

_____

Howard Phillips, et al.,

    Plaintiffs,

v.

Trevor Cook, et al.,

Civil No. 09-1732 (MJD/JJK)

1

Defendants.
_____

John E. Birkenheier, Adolph J. Dean, Jr., Steven L. Klawans and Justin M Delfino, and Robyn A. Millenacker, Assistant United States Attorney, Counsel for Plaintiff United States Securities and Exchange Commission ("SEC").

Susan Gradman and David Slovick, Commodity Futures Trading Commission and Robyn A. Millenacker, Assistant United States Attorney, Counsel for Plaintiff United States Commodity Futures Trading Commission ("CFTC").

John Harper III and Molly R. Hamilton, Messerli & Kramer P.A., Counsel for the Phillips Plaintiffs in Civil No. 09-1732.

Barbara P. Berens and Stephanie A. Albert, Kelly & Berens, P.A., Counsel for Oxford Global Advisor, LLC.
_____

This matter is before the Court upon the motions of Kelly & Berens, P.A. and the Phillips Plaintiffs in Civil No. 09-1732 for attorney's fees and costs.

1.  Kelly & Berens, P.A.

Kelly & Berens, P.A. ("K&B") was retained to represent Oxford Global Advisors, LLC ("OGA") in Phillips et al. v. Cook et al. Civil No. 09-1732, and in the above entitled actions.  K&B asserts that during the course of the Phillips action, OGA was named as a party in a Petition for Proceedings Subsequent regarding the property located at 1900 LaSalle Ave., Minneapolis, Minnesota, known as the Van Dusen Mansion, for which OGA holds title.

The Petition sought an Order in state court declaring that Certificate of Title No. 1223302 issued in favor of OGA is void, and requesting that a new title be issued in favor of Trevor Cook and his wife Gina. The Petition alleged that the 2008 transfer of title for the Van Dusen Mansion to OGA was fraudulent and that the title should therefore revert to the Cooks. An Order to Show Cause was issued by the state district court to OGA.

Thereafter, K&B investigated and analyzed the factual allegations contained in the Petition, and researched the applicable law. K&B then determined that the best course of action was for OGA to take steps to preserve the Van Dusen Mansion as an asset of OGA by opposing the Petition. In making this decision, K&B asserts it took into consideration the Phillips action and the investigations by federal regulators. K&B prepared and served an Answer to the Petition. The matter was then assigned to the Honorable Ann Alton. From September to November, K&B negotiated the terms of a protective order, responded to discovery requests and participated in conferences with opposing counsel.

On November 23, 2009, the SEC and the CFTC filed the above entitled actions against Cook and others, including OGA. Asset Freeze Orders were

entered in both cases, which *inter alia*, appointed a Receiver and required OGA to turn over all assets to the Receiver.  K&B executed a "Consent of Defendant Oxford Global Advisors, LLC" in both cases.  Thereafter, the Receiver took immediate possession and control of OGA assets, including the Van Dusen Mansion.

At this time, K&B is requesting attorney's fees and costs expended in an effort to preserve the Van Dusen Mansion as an asset.  K&B asserts that in this effort, it charged 54.25 hours of legal services and $973 in costs.  Accordingly, K&B seeks a total award of $18,704.25 from the Receiver Estate.

2.   <u>Phillips</u> Plaintiffs

The <u>Phillips</u> action was filed in July 2009 by nine Ohio investors who had invested money with Trevor Cook and others, when these investors were unable to liquidate their accounts.  In early June 2009, these plaintiffs had retained a law firm in Ohio and Krass Monroe, P.A.[1] as local counsel to investigate the plaintiff's investments, communicate their withdrawal demands to the defendants in that case, and to commence legal action if necessary.

---

[1] Ohio counsel withdrew on October 1, 2009.  Local counsel took over representation of plaintiffs. John Harper III and Molly Hamilton moved from Krass Monroe P.A. to Messerli & Kramer P.A. in September 2009.

When the defendants refused to respond, an action was filed seeking damages and preliminary injunctive relief. Two temporary restraining orders were granted, freezing defendants' accounts and enjoining defendants from transferring any assets belonging to the plaintiffs. As a result of the plaintiffs' motions for injunctive relief, the Court froze thirteen bank accounts belonging to defendants, which restricted the transfer or dissipation or misappropriation of assets.

The Phillips Plaintiffs argue that litigation in their case intensified after the freeze orders were entered. Plaintiffs were allowed expedited discovery, and counsel traveled to Wisconsin to review bank records. Counsel for defendant Trevor Cook turned over 30,000 documents. Through the Phillips action, the investing public became aware of defendants' conduct and plaintiffs' counsel met with many potential witnesses and over 350 similarly situated investors. As a result, counsel was able to use the information gathered to research and investigate potential locations of funds, the location and extent of defendants' assets and the web of entities and individuals associated with and related to defendants. Counsel for plaintiffs asserts that it was through their efforts that the nature and pattern of the defendants' fraudulent scheme was uncovered.

Throughout the time period of July 2009 through November 2009, counsel was in frequent, and at times daily, contact with the SEC, CFTC or the FBI. Counsel provided them information and documentation resulting from their discovery, and encouraged the individual plaintiffs to contact and cooperate with these agencies.

The Phillips Plaintiffs now seek reimbursement of the attorney's fees expended in their case, as their efforts created a common fund and provided a substantial benefit to all investors that have lost their investments due to the fraudulent scheme conducted by defendants.

Standard

The motions for attorney's fees and costs currently before the Court are based on the "common fund" doctrine. This doctrine provides that "a litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980). "The common-fund doctrine reflects the traditional practice in courts of equity and it stands as a well-recognized exception to the general principle that requires every litigant to bear his own attorney's fees." Id. (internal citations omitted).

K&B seeks only fees incurred in preserving title to the Van Dusen mansion. The SEC does not oppose the motion. The CFTC opposes the motion, arguing that K&B's services to preserve title to the Van Dusen mansion were not necessary, given the Asset Freeze Orders entered on November 23, 2009. The Court disagrees with the position put forth by the CFTC.

The record clearly reflects Cook's brazen violations of the Asset Freeze Orders, and his current incarceration as a result. K&B did, in fact, take steps that in effect preserved a very valuable asset for the Receiver Estate. Prior to the issuance of the Asset Freeze Order in this case, Cook was taking steps to sell the property, as evidenced by the fact that it was listed for sale and that a potential buyer had been identified as of September 3, 2009. (Affidavit of Stephanie Albert ¶¶ 3 and 4.) Accordingly, K&B's request for attorney's fees will be granted.

The SEC and CFTC do not oppose the request for attorney's fees by the Phillips Plaintiffs for those fees generated prior to the July 24, 2009 Order for injunctive relief entered in the Phillips action. That Order froze a number of bank accounts, which in turn preserved approximately $1.9 million for a common fund. Both the SEC and the CFTC assert that no attorney activity after July 24, 2009, generated additional funds for the common fund. The SEC asserts that

counsel for the Phillips Plaintiffs did not discover the fraud and bring it to the attention of the government regulators.  Rather, the SEC commenced its investigation before the Phillips action was filed.  In addition, the Phillips Plaintiffs did not provide the government the evidence upon which it based its enforcement action.  The SEC independently identified and located accounts and other assets. (Hlavacek Decl. ¶¶ 4 and 9.)   Further, the relief obtained by the Phillips Plaintiffs is only a portion of the total relief obtained by the SEC.  The SEC obtained the appointment of a Receiver, the Asset Freeze obtained by the SEC covers additional accounts not covered by the Asset Freeze in the Phillips action, and it covered real estate, automobiles and other personal property.  The relief obtained by the SEC benefitted all 1,000 victims of the Defendants' fraud, not just the 135 plaintiffs in the Phillips action.

    The CFTC similarly argues that the work performed by counsel for the Phillips Plaintiffs after July 24, 2009 was largely duplicative of the work performed by the SEC and the CFTC.

    The SEC and CFTC also note that the total amount lost by investors in this matter is approximately $139 million, yet the common fund at this time is approximately $3 million.  Given the relatively small amount recovered so far,

these parties argue that the monies in the common fund should be conserved to make whole, as much as possible, the defrauded investors.

The Court finds that counsel for the Phillips Plaintiffs has not demonstrated that the fees incurred post July 24, 2009 were necessary to preserve assets for the Receiver Estate. Accordingly, the Court will grant the motion to for fees and costs generated on or before July 24, 2009.

IT IS HEREBY ORDERED that:

1. The Motions of Kelly & Berens, P.A. for attorney's fees [CFTC Doc. No. 179; SEC Doc. No. 168] are GRANTED. The Receiver appointed by the Court in the above-referenced matters shall cause to be paid from the Receiver Estate the amount of $18,704.25 to Kelly & Berens, P.A. as its reasonable attorney fees and expenses incurred in the protection and preservation of the Van Dusen Mansion as an asset of Oxford Global Advisors, LLC, during the time period of August 2009 through November 2009.

2. The Motions of the Phillips Plaintiffs for attorney's fees and costs [CFTC Doc. No. 194; SEC Doc. No. 189; Phillips Doc. No. 258] are GRANTED in part and DENIED in part as follows: The motions are

granted as to fees and expenses incurred on or before July 24, 2009. Accordingly, the Receiver appointed by the Court in the above-referenced matters shall cause to be paid from the Receiver Estate the amount of $86,325.12 as reasonable attorney's fees and $4,468.50 as reasonable expenses incurred in the protection and preservation of approximately $1.9 million in investor funds. The motions are denied as to fees and expenses generated after July 24, 2009.

Date: March 11, 2010

                                        s/ Michael J. Davis
                                        Michael J. Davis
                                        Chief Judge
                                        United States District Court